IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. WMN-13-572 |
| | * | |
| MRISHO MZESE | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Before the Court is a Motion for a New Trial, filed by Defendant Mrisho Mzese.  ECF No. 58.  Although the Government timely filed a response, Mr. Mzese has not filed a reply memorandum and the time to do so has now expired.  Upon consideration of the papers, the Court determines that no hearing is necessary,[1] Local Rule 105.6, and the Motion will be denied.

Mr. Mzese was charged, in an eleven-count Superseding Indictment, with one count of conspiracy to commit wire fraud and mail fraud, one count of mail fraud affecting a financial institution, one count of wire fraud affecting a financial institution, seven counts of mail fraud, and one count of aggravated identity theft.  This Court held a four-day jury

---

[1] The Court notes that, as to each of the errors alleged specifically by Mr. Mzese, they were well-argued by the parties at trial.  Having heard argument on these points previously by counsel, the Court does not find that further argument would be productive.

trial commencing on April 28, 2014. On May 1, 2014, after approximately thirty minutes of deliberations, the jury returned a verdict finding Mr. Mzese guilty on each of the eleven counts in the Superseding Indictment.

Federal Rule of Criminal Procedure 33 provides in relevant part that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . . Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." "[A] trial court 'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstance where the evidence 'weighs heavily' against it." United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006) (quoting United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003)).

Although Mr. Mzese asserts generalized errors in the jury's verdict, see ECF No. 58 at ¶¶ 2-3 ("The verdict was contrary to the weight of the evidence[;] The verdict was against the law."), he identifies specifically four errors in the jury proceedings: (1) that the Court erred in permitting the introduction of policy manuals and regulations; (2) that the Court erred in denying Mr. Mzese's motion for judgment of acquittal; (3) that the Court erred in failing to include a

reasonable doubt jury instruction; and (4) that the Court erred in including a conscious avoidance/willful blindness instruction.

Mr. Mzese's first argument – that the Court erred by permitting introduction, by the Government, of "various procedural manuals, standards of conduct, rules and regulation[s] regarding licensing training and standards and related materials," id. at ¶ 4 – is without merit.  Mr. Mzese argues that these materials "permitted the jury to consider the Defendant's conduct in criminal liability based upon allegations of conduct that exceeded the scope of the allegations of the indictment and as to which the Defendant had no prior notice."[2] Id.  Mr. Mzese is correct that introduction of evidence demonstrating his violation of employer policies and regulations governing real estate agencies for the purpose of establishing criminal responsibility would be improper. See, e.g., United States v. Christo, 614 F.2d 486, 492 (5th Cir. 1980) ("A conviction, resulting from the government's attempt to bootstrap a series of checking account overdrafts, a civil regulatory violation, into an equal amount of misapplication felonies, cannot be allowed to stand.").  Introduction of such evidence

---

[2] The Court's recollection is that Mr. Mzese had seen these documents prior to trial, but did not know how the Government intended to use them to prove their case.

could impermissibly create an "alternative standard of guilt." Id. at 491.

Here, however, evidence of employer policies, real estate regulations, and ethical standards were not introduced for the purpose of bootstrapping potential regulatory or ethical infractions into a criminal conviction. Rather, the Government introduced, and the Court admitted, that evidence for the purpose of demonstrating Mr. Mzese's familiarity with and knowledge of procedures and regulations governing real estate transactions, which could then be contrasted with his behavior with respect to the charges in the Superseding Indictment. Admission for that purpose is appropriate. See generally United States v. Munoz-Franco, 487 F.3d 25, 65 (1st Cir. 2007) ("Evidence of civil or regulatory violations is admissible so long as the evidence is not presented in such a way that the jury's attention is focused on the civil violations rather than the criminal ones." (quotation marks omitted)); United States v. Stefan, 784 F.2d 1093, 1098 (11th Cir. 1986). Moreover, to alleviate jury confusion regarding admission of that evidence, the Court issued the following limiting instruction:

> You have heard testimony about, and seen evidence admitted, relative to various regulations, rules and ethical standards that govern the conduct of licensed real estate agents. Mr. Mzese is not charged in this indictment with any violation of any of these regulations, rules or standards. They were only admitted to assist you in regard to your assessment of

4

>  the defendant's knowledge and conduct in matters which
>  may relate to the charges in this indictment.

ECF No. 50 at 16.  Accordingly, the Court does not find error, and declines to grant a new trial on those grounds.

Secondly, Mr. Mzese charges error in the Court's denial of his motion for judgment of acquittal as to the seven counts of mail fraud.  A judgment of acquittal is appropriate only where the court determines that, "as a matter of law[,] the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment."  United States v. Alvarez, 351 F.3d 126, 129 (4th Cir. 2003) (quoting Smalis v. Pennsylvania, 476 U.S. 140, 144 (1986)); see also Fed. R. Crim. P. 29(a), (c).  The Court expressed at trial, and maintains the belief, that sufficient evidence was presented to the jury to permit a reasonable jury to find Mr. Mzese guilty beyond a reasonable doubt on those counts.

Last, Mr. Mzese points to two alleged errors in the Court's jury instructions.  First, he asserts that the Court erred in failing to give an instruction defining reasonable doubt in more detail.  This argument has no merit.  The Fourth Circuit has "consistently and vigorously condemned the attempts of trial courts to define reasonable doubt."  United States v. Reives, 15 F.3d 42, 45 (4th Cir. 1994).  See also United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998) ("[W]e have

5

repeatedly held that a district court need not, and in fact should not, define the term 'reasonable doubt' even upon request."); United States v. Adkins, 937 F.2d 947, 950 (4th Cir. 1991) (expressing "categorical disdain" for providing the jury with a definition of reasonable doubt).

As to the second alleged error in the Court's instructions – its inclusion of a conscious avoidance/willful blindness instruction – the Court must also deny Mr. Mzese's motion. "A willful blindness instruction is warranted where . . . 'the defendant asserts a lack of guilty knowledge but the evidence supports an inference of deliberate ignorance.'" United States v. Mir, 525 F.3d 351, 358-59 (4th Cir. 2008) (quoting United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999)); see also United States v. Fowler, 932 F.2d 306, 317-18 (4th Cir. 1991) (holding that an instruction on conscious avoidance was proper where the defendant based his defense largely on a lack of guilty knowledge). Here, Mr. Mzese's primary defense was that he did not know that his co-defendant was using an identity belonging to another individual in the transactions at issue. Thus, because his primary defense was that he lacked guilty knowledge, conscious avoidance/willful blindness instructions were appropriate.[3]

---

[3] The Court also gave the jury instructions as to good faith. See ECF No. 50 at 36.

Having offered no additional reasons why vacating the judgment and granting a new trial would be in the interest of justice – and the Court finding none[4] – Mr. Mzese's Motion will be denied.

Accordingly, IT IS this 19th day of June, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

---

[4] The Court notes the brevity of jury deliberations in this matter.  After four days of evidence, the jury deliberated for only approximately thirty minutes.  Moreover, during the beginning of deliberations, exhibits and copies of jury instructions were still being gathered to submit to the jury for consideration.  Brevity of deliberations alone does not, however, constitute grounds for a new trial.  See, e.g., Segars v. Atlantic Coast Line R.R. Co., 286 F.2d 767 (4th Cir. 1961) ("A short period of deliberation by a jury before returning a verdict does not establish the proposition that the jury did not properly perform its duties."); see also United States v. Hooker, 198 F. App'x 545, 547 (7th Cir. 2006) ("We will consider the length of the deliberations only where we have reason to suspect that the jury disregarded its instructions or otherwise failed in its duty."); United States v. Cunningham, 108 F.3d 120,124 (7th Cir. 1997) ("At best, [brevity of deliberations] is a factor to be considered when deciding a motion for a new trial, and even then cannot be the only basis for granting a new trial."); Paoletto v. Beech Aircraft Corp., 464 F.2d 976, 983 (3d Cir. 1972) ("But the brevity with which a jury reaches its verdict does not, standing alone, substantiate a claim of capriciousness, even where the total time of deliberation is substantially less than the jury required in this case."); United States v. Richard, 209 F. Supp. 542, 546 (D.R.I. 1962) ("It is the evidence and not the time required by a jury to reach a verdict that is controlling in the consideration of a motion for a new trial.").  Mr. Mzese does not raise in his Motion any concerns regarding jury deliberations.  Moreover, the Court is of the opinion that sufficient evidence was submitted to the jury to support its finding of guilt.

1) Defendant Mrisho Mzese's Motion for a New Trial, ECF No. 58, is DENIED; and

2) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                                                 /s/
                                    William M. Nickerson
                                    Senior United States District Judge